UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TERRANCE REESE, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:23-cv-01054 |
|  | ) |  |
| CORECIVIC, INC., et al., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 35) recommending that the Court grant Jermaris Porter, Ajee Smith, and Vince Vantell's Motion for Summary Judgment (Doc. No. 26). Terrance Reese, proceeding pro se, has filed timely objections to the R&R. (Doc. No. 36). Porter, Smith, and Vantell have filed a response to Reese's objections. (Doc. No. 37). For the following reasons, Reese's objections will be overruled, the R&R will be adopted, and Porter, Smith, and Vantell's Motion for Summary Judgment will be granted.

**I.    BACKGROUND**

The Court will not repeat the entire factual background and procedural history of this case because it is set forth in the R&R. (Doc. No. 35 at 1-8). In short, Reese alleges that while incarcerated at Trousdale Turner Correctional Center ("Trousdale"), a CoreCivic facility, he was repeatedly assaulted and robbed by other inmates. (Id. at 1-2). When the events occurred, Vantell was Trousdale's warden, Porter was Trousdale's Chief of Security, and Smith was a Captain. (Id. at 1-2). Reese alleges that Vantell, Porter, and Smith, employees of CoreCivic, failed to protect him or otherwise acted improperly in response to his multiple assaults and robberies, in violation

of 42 U.S.C. § 1983. (Id. at 1-3).[1] Vantell, Porter, and Smith filed a Motion for Summary Judgment. (Doc. Nos. 26-31). Reese filed a response in opposition, (Doc. No. 32), and Vantell, Porter, and Smith filed a reply. (Doc. Nos. 33, 34).

The Magistrate Judge recommends granting Vantell, Porter, and Smith's Motion for Summary Judgment because Reese has not presented evidence to support a § 1983 violation on either a theory of supervisory liability or a failure-to-protect claim. (See generally Doc. No. 35). First, the Magistrate Judge concludes that Reese cannot succeed on a supervisory liability claim because he has not presented evidence that Vantell, Porter, and Smith participated in, encouraged, authorized, approved, or acquiesced to unconstitutional conduct that caused his injuries. (Id. at 9-10). Second, the Magistrate Judge concludes that Reese cannot succeed on a failure-to-protect claim because the evidence shows that Vantell, Porter, and Smith did not know of and disregard substantial risk of serious harm to Reese. (Id. at 11). Rather, the evidence shows that they did not ignore Reese's requests for help, instead responded by requesting his transfer to a different housing unit. (Id. at 11). The Magistrate Judge also finds that the evidence shows it is appropriate to house medium-custody inmates with minimum-custody inmates like Reese at Trousdale. (Id. at 11-12).

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure and the Local Rules provide that only "specific written objections" to the Magistrate Judge's proposed factual findings and legal conclusions are considered "proper" for consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also

> must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. A separately filed supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections.

---

[1] CoreCivic has been dismissed. (Doc. No. 5).

M.D. Tenn. L.R. 72.02(a).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to."  Fed. R. Civ. P. 72(b)(3) (emphasis added). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Id.

"The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter."  Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (citing Frias v. Frias, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019)). When objections are not properly raised, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless."  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).  Accordingly, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks."  Id.  "This duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act."  Id.  With these standards in mind, the Court now turns to Reese's objections.

## III. DISCUSSION

Reese's objections to the R&R are not specific. See Fed. R. Civ. P. 72(b)(2).  In his first objection, Reese states that he "never contended that [] Porter, Norman, or Smith authorized inmates to move from pod to pod," as suggested in the R&R, that they "ignored his cries for help for over sixty (60) days" and "failed to protect him, which violated his [E]ighth [A]mendment rights." (Doc. No. 26 at 3).  In his second objection, Reese argues that the defendants' motion for summary judgment was denied in circuit court, so their motion for summary judgment should also be denied in this case.  (Doc. No. 36 at 3-4).

3

These objections do not "state with particularity the specific portions of the [R&R] to which an objection is made." M.D. Tenn. L.R. 72.02(a); see also Fed. R. Civ. P. 72(b)(2). In fact, no where in Reese's objection does he specify what parts of the R&R he contests. Instead, Reese's objections repeat what is in his Complaint. (See generally Doc. No. 1). Indeed, "an 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004). Additionally, Exhibit A to Reese's objections, (Doc. No. 36-1), was not before the Magistrate Judge, so this Court will not consider it. See AES-Apex Emp. Servs., Inc. v. Rotondo, 924 F.3d 857, 867 (6th Cir. 2019) ("a district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited."). Finally, Reese's statements about the suit he allegedly filed in circuit court are not "accompanied by sufficient documentation."[2] M.D. Tenn. L.R. 72.02(a). Therefore, Reese's objections have not been properly raised.

Nevertheless, even if Reese's objections were specific enough, this Court would overrule them. Reese objects that he "never contended that [] Porter, Norman, or Smith authorized inmates to move from pod to pod." (Doc. No. 26 at 3). The R&R is not at odds with this contention—rather, the R&R recognizes that Rees "does not contend that Defendants themselves permitted unauthorized inmates to move from one housing unit to another." (Doc. No. 35 at 9). Further, Reese's statements about the lawsuit filed in circuit court is not referenced in the R&R and is not referenced in the Complaint. (Doc. No. 1).

IV.     **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The R&R (Doc. No. 35) is **APPROVED AND ADOPTED**.

---

[2] The instant action was not removed from state court to federal court, nor can this Court locate any related pending state court cases.

2. Vantell, Porter, and Smith's Motion for Summary Judgment (Doc. No. 26) is **GRANTED**, and this case is **DISMISSED WITH PRJUDICE**.

3. Defendants' Motion to Continue Trial Date and Stay Pretrial Deadlines (Doc. No. 38) is **DENIED AS MOOT.**

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE